# EXHIBIT B

RECEIVED
AUG 31 2020
S. HARVEY, JR.
CIVIL TRIAL DIVISION

DOCKETED
AUG 31 2020
S. HARVEY, JR.
CIVIL TRIAL DIVISION

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **RIDLEY PARK FITNESS, LLC** | : | **MAY TERM, 2020** |
| *Plaintiff* | : | **NO. 01093** |
| v. | : | **COMMERCE PROGRAM** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | : | **CONTROL NO. 20080358** |
| *Defendants* | : | |

## ORDER

AND NOW, this 31st day of August, 2020, upon consideration of the preliminary objections filed by defendant Philadelphia Indemnity Insurance Company to plaintiff's amended complaint, and any response thereto, it is hereby

**ORDERED**

that the preliminary objections are **OVERRULED, without prejudice.**[1]



Ridley Park Fitness, LI-ORDER
20050109300043

---

[1] Pursuant to Pa. R.C.P. 1028(a)(4), a party may raise a preliminary objection due to legal insufficiency of a pleading (demurrer). When considering preliminary objections, all material facts and reasonable inferences set forth in the challenged complaint must be admitted as true. Haun v. Cmty. Health Sys. Inc., 14 A.3d 120, 123 (Pa. Super. 2011) (citation omitted). A court may not consider facts that are not contained within the challenged pleading. See Detweiler v. School Dist. Of Borough of Hatfield, et al., 104 A.2d 110, 113 (Pa. 1954). Additionally, a court need not accept conclusions of law. See Dominski v. Garrett, 419 A.2d 73, 75 (Pa. Super. 1980).

    This litigation arises from the denial of insurance coverage for business losses at a fitness center as a result of the COVID-19 pandemic and the resulting state and local orders mandating that all non-essential businesses be temporarily closed. Defendant alleges in the instant preliminary objections that plaintiff's failure to attach the insurance agreement in total constitutes a failure to plead, which defendant has cured by attaching the agreement in full, that certain clauses including a virus exclusion and "direct physical loss" bar coverage, and finally, that plaintiff is not entitled to a declaratory judgment.

    At this very early stage, it would be premature for this court resolve the factual determinations put forth by defendants to dismiss plaintiff's claims. Taking the factual allegations made in plaintiff's complaint as true, as this court must at this time, plaintiff has

BY THE COURT:

_____
GLAZER, J.

---

successfully pled to survive this stage of the proceedings. As such, the preliminary objections are overruled.